IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| W&R INVESTMENT LIMITED PARTNERSHIP ) <br> ) <br> Plaintiff/Counterdefendant, ) <br> ) <br> v. ) <br> ) <br> ) <br> COMCAST OF VIRGINIA, INC. ) <br> ) <br> Defendant/Counterplaintiff. ) | Civil Action No.: 1:11CV-00301 (AJT) (TRJ) |

**W&R INVESTMENT LIMITED PARTNERSHIP'S
ANSWER TO COUNTERCLAIMS**

Plaintiff/Counterdefendant W&R Investment Limited Partnership ("W&R Investment Limited Partnership"), by counsel, states as follows for its Answer to Defendant/Counterplaintiff Comcast of Virginia, Inc.'s ("Comcast") Counterclaims:

1. W&R Investment is without sufficient knowledge, information or belief to admit or deny the allegations set forth in paragraph one (1) of the Counterclaims. To the extent a response is required, the allegations are denied.

2. The allegations set forth in paragraph two (2) of the Counterclaims are admitted.

3. The allegations set forth in paragraph three (3) of the Counterclaims are admitted.

4. The allegations set forth in paragraph four (4) of the Counterclaims state a legal conclusion to which no response is required. Furthermore, the Court previously dismissed Comcast's Declaratory Judgment Count on May 13, 2011.

5. The allegations set forth in paragraph five (5) of the Counterclaims state legal conclusions to which no response is required.

6. The allegations set forth in paragraph six (6) of the Counterclaims state legal conclusions to which no response is required.

7. The allegations set forth in paragraph seven (7) of the Counterclaims state legal conclusions to which no response is required.

8. W&R Investment is without sufficient knowledge, information or belief to admit or deny the allegations set forth in paragraph eight (8) of the Counterclaims. To the extent a response is required, the allegations are denied.

9. To the extent that the "Deed of Lease" attached to the Counterclaim differs from the actual Store Lease entered into between the parties, the allegations that the "Deed of Lease" referenced therein is a true and accurate copy are denied. W&R Investment further states that the document referenced in paragraph nine (9) of the Counterclaims speaks for itself

10. The allegations set forth in paragraph ten (10) of the Counterclaims are admitted.

11. W&R Investment denies the allegations set forth in paragraph eleven (11) of the Counterclaims to the extent they seek to imply that Comcast was not previously in possession of any part of the leased premises prior to the "2000 Lease" referenced therein. W&R Investment further states that the document referenced in paragraph eleven (11) of the Counterclaims speaks for itself.

12. In response to the allegations set forth in paragraph twelve (12) of the Counterclaims, W&R Investment states that the document referenced therein speaks for itself. W&R Investment is without sufficient knowledge, information or belief to admit or deny the remaining allegations set forth in paragraph twelve (12) of the Counterclaims.

13. In response to the allegations set forth in paragraph thirteen (13) of the Counterclaims, W&R Investment states that the document referenced therein speaks for itself.

14. The allegations set forth in paragraph fourteen (14) of the Counterclaims are admitted.

15. In response to the allegations set forth in paragraph fifteen (15) of the Counterclaims, W&R Investment states that the "Renewal Term as stated in the "2000 Lease" referenced in paragraph fifteen (15) of the Counterclaims speaks for itself.

16. In response to the allegations set forth in paragraph sixteen (16) of the Counterclaims, W&R Investment states that the document referenced therein speaks for itself.

17. In response to the allegations set forth in paragraph seventeen (17) of the Counterclaims, W&R Investment states that the document referenced therein speaks for itself.

18. In response to the allegations set forth in paragraph eighteen (18) of the Counterclaims, W&R Investment states that the document referenced therein and the terms of section 17.A of the Lease speak for themselves.

19. In response to the allegations set forth in paragraph nineteen (19) of the Counterclaims, W&R Investment states that the document referenced therein speaks for itself. To the extent that Comcast's representation or description of the terms of the Lease differs from the actual terms of the Lease, W&R Investment denies the allegations set forth in paragraph nineteen (19) of the Counterclaims.

20. The allegations set forth in paragraph twenty (20) of the Counterclaims are denied.

21. The allegations set forth in paragraph twenty one (21) of the Counterclaims are denied.

22. In response to the allegations set forth in paragraph twenty two (22) of the Counterclaims, W&R Investment states that the document referenced therein speaks for itself. To the extent that Comcast's representation or description of the content of the document differs from the actual content of the document, W&R Investment denies the allegations set forth in paragraph twenty two (22) of the Counterclaims.

23. The allegations set forth in paragraph twenty three (23) of the Counterclaims are denied.

24. The allegations set forth in paragraph twenty four (24) of the Counterclaims are denied.

25. The allegations set forth in paragraph twenty five (25) of the Counterclaims are denied.

## COUNT I
### (Breach of Contract)

26. W&R Investment hereby incorporates by reference its responses to the allegations set forth in paragraphs one (1) through twenty five (25) of Comcast's Counterclaims

27. No response to the allegations set forth in paragraph twenty seven (27) of the Counterclaims is required as the Court dismissed Comcast's Breach of Contract Count on May 13, 2011.

28. No response to the allegations set forth in paragraph twenty eight (28) of the Counterclaims is required as the Court dismissed Comcast's Breach of Contract Count on May 13, 2011.

29. No response to the allegations set forth in paragraph twenty nine (29) of the Counterclaims is required as the Court dismissed Comcast's Breach of Contract Count on May 13, 2011.

30. No response to the allegations set forth in paragraph thirty (30) of the Counterclaims is required as the Court dismissed Comcast's Breach of Contract Count on May 13, 2011.

31. No response to the allegations set forth in paragraph thirty one (31) of the Counterclaims is required as the Court dismissed Comcast's Breach of Contract Count on May 13, 2011.

32. No response to the allegations set forth in paragraph thirty two (32a-g) of the Counterclaims is required as the Court dismissed Comcast's Breach of Contract Count on May 13, 2011.

33. No response to the allegations set forth in paragraph thirty three (33) of the Counterclaims is required as the Court dismissed Comcast's Breach of Contract Count on May 13, 2011.

34. No response to the allegations set forth in paragraph thirty four (34) of the Counterclaims is required as the Court dismissed Comcast's Breach of Contract Count on May 13, 2011.

35. No response to the allegations set forth in paragraph thirty five (35) of the Counterclaims is required as the Court dismissed Comcast's Breach of Contract Count on May 13, 2011.

36. No response to the allegations set forth in paragraph thirty six (36) of the Counterclaims is required as the Court dismissed Comcast's Breach of Contract Count on May 13, 2011.

37. No response to the allegations set forth in paragraph thirty seven (37) of the Counterclaims is required as the Court dismissed Comcast's Breach of Contract Count on May 13, 2011.

38. No response to the allegations set forth in paragraph thirty eight (38) of the Counterclaims is required as the Court dismissed Comcast's Breach of Contract Count on May 13, 2011.

39. No response to the allegations set forth in paragraph thirty nine (39) of the Counterclaims are required as the Court dismissed Comcast's Breach of Contract Count on May 13, 2011.

## COUNT II
### (Unjust Enrichment)

40. W&R Investment hereby incorporates by reference its responses to the allegations set forth in paragraphs one (1) through thirty nine (39) of Comcast's Counterclaims.

41. The allegations set forth in paragraph forty one (41) of Comcast's Counterclaims are admitted.

42. The allegations set forth in paragraph forty two (42) of Comcast's Counterclaims are denied.

43. The allegations set forth in paragraph forty three (43) of Comcast's Counterclaims are denied.

44. The allegations set forth in paragraph forty four (44) of Comcast's Counterclaims are denied.

45. The allegations set forth in paragraph forty five (45) of Comcast's Counterclaims are denied.

46. The allegations set forth in paragraph forty six (46) of Comcast's Counterclaims are denied.

47. The allegations set forth in paragraph forty seven (47) of Comcast's Counterclaims are denied.

48. The allegations set forth in paragraph forty eight (48) of Comcast's Counterclaims are denied.

## COUNT III
### (Declaratory Judgment Under §§ 2201-02)

49. W&R Investment hereby incorporates by reference its responses to the allegations set forth in paragraphs one (1) through forty eight (48) of Comcast's Counterclaims

50. No response to the allegations set forth in paragraph fifty (50) of the Counterclaims is required as the Court dismissed Comcast's Declaratory Judgment Count on May 13, 2011.

51. No response to the allegations set forth in paragraph fifty one (51) of the Counterclaims is required as the Court dismissed Comcast's Declaratory Judgment Count on May 13, 2011.

52. No response to the allegations set forth in paragraph fifty two (52a-g) of the Counterclaims is required as the Court dismissed Comcast's Declaratory Judgment Count on May 13, 2011.

53. No response to the allegations set forth in paragraph fifty three (53) of the Counterclaims is required as the Court dismissed Comcast's Declaratory Judgment Count on May 13, 2011.

## AFFIRMATIVE DEFENSES

1. The Counterclaims fail to state a cause of action upon which relief may be granted.
2. Comcast's Counterclaims are barred by the doctrine of waiver.
3. Comcast's Counterclaims are barred by the doctrine of estoppel.
4. Comcast's Counterclaims are barred by the doctrine of unclean hands.
5. Comcast's Counterclaims are barred by Comcast's breach of the Lease.
6. Comcast's Counterclaims are barred by assumption of the risk.
7. Comcast's Counterclaims are barred by Comcast's unclean hands.
8. Comcast's Counterclaims are barred by the doctrine of laches
9. Comcast's Counterclaims are barred by the statute of limitations.
10. Comcast's Counterclaims are barred by accord and satisfaction.

WHEREFORE the premises considered, Plaintiff W&R Investment Limited Partnership respectfully requests the Court to dismiss Defendant Comcast of Virginia, Inc.'s Counterclaims with prejudice and for other relief as the Court may deem proper and just.

Respectfully submitted,

By: /s/Andrew B. Schulwolf
Andrew B. Schulwolf (VSB # 35874)
ALBERT & SCHULWOLF, LLC
2273 Research Blvd.
Suite 200
Rockville, Maryland 20850
Telephone: (301) 519-1919
Facsimile: (301) 519-9222
Email: andrew@albertandschulwolf.com
*Attorney for Plaintiff/CounterDefendant*
*W&R Investment Limited Partnership*

## CERTIFICATE OF SERVICE

I, Andrew B. Schulwolf, do hereby certify that on the 27th day of May, 2011 I served a copy of W&R Investment Limited Partnership's Answer to Counterclaims via the CM/ECF system upon the following:

Michah J. Ratner, Esq.
Adam S. Caldwell, Esq.
Elizabeth A. Drogula, Esq.
Davis Wright Tremaine, LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, D.C. 20006-3401

/s/Andrew B. Schulwolf
Andrew B. Schulwolf